IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROOKS, #198844, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03-CV-979-F |
| | ) | [WO] |
| | ) | |
| CHERYL PRICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Brooks ["Brooks"], a state inmate, on May 8, 2003. In this petition, Brooks challenges convictions of first degree sodomy and first degree sexual abuse entered against him by the Circuit Court of Coosa County, Alabama on March 22, 1998. These convictions became final by operation of law on August 12, 1999.

Pursuant to the orders of this court, the respondents filed an answer and supplements thereto in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the petitioner's sodomy and sexual abuse convictions

---

[1] Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 [the "AEDPA"] which became effective on April 24, 1996.

became final in 1999 -- **after** the effective date of the statute of limitations -- Brooks must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed post-conviction petition was pending in the state courts. The respondents concede that Brooks filed two state post-conviction petitions which tolled the limitation period. Brooks submitted the first petition to prison officials for mailing on December 1, 1999, while he submitted the second such petition for mailing on January 9, 2001.[2] However, the respondents maintain that even allowing a tolling of the limitation period during the pendency of these Rule 32 petitions the limitation period expired prior to Brooks filing his federal habeas petition. *Respondents' Answer* at 4-5; *Respondents' Supplemental Answer* at 2; *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). The respondents therefore contend that the limitation period expired in September of 2002 and argue that the instant federal habeas petition is time-barred under Section 2244(d)(1)(A). *Respondents' July 2, 2004 Supplemental Answer* at 3.

---

[2] Although the initial Rule 32 petition was stamped "filed" in the Circuit Court of Coosa County, Alabama on December 6, 1999, the prison account clerk executed the *in forma pauperis* application attached to this petition on December 1, 1999. It is therefore clear that Brooks had the pleadings in his possession on December 1, 1999. Consequently, such date is the earliest date on which Brooks could have presented this state petition to prison authorities for mailing. With respect to the second Rule 32 petition, this document was stamped "filed" in the trial court on January 10, 2001. However, Brooks signed and executed this petition on January 9, 2001. Thus, it could not have been mailed prior to this date. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's Rule 32 petitions were] delivered to prison authorities the day [Brooks] signed" or the prison official executed the relevant documents. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, this court construes December 1, 1999 as the date Brooks filed his first Rule 32 petition and January 9, 2001 as the date he filed the second state post-conviction action.

In light of the foregoing, the court entered orders advising Brooks that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1)(A). *See Order of December 15, 2003 - Court Doc. No. 16*; *Order of August 5, 2005 - Court Doc. No. 33.* The court provided Brooks opportunities to show cause why his petition should not be barred from review by this court as untimely. In a January 5, 2004 response to the initial show cause order, Brooks argues that the limitation period should be tolled during the time that a motion to reconsider the denial of his second Rule 32 petition was pending in the state courts. In a response to the most recent show cause order, Brooks concedes that his "second Rule 32 petition remained pending in the state court [only] until May 27, 2002" but maintains that the federal limitation period does not begin to run until completion of all state court post-conviction proceedings. *August 17, 2005 Response of the Petitioner - Court Doc. No. 34* at 1-2. Brooks argues that the time during which no state post-conviction action is pending does not count towards the one year period of limitation as long as a petition is filed within the one year time period. In sum Brooks contends that he has one year from the last day his second Rule 32 petition remained pending in the state courts to file a federal habeas petition. *Id*. at 2. ( "[T]he second Rule 32 petition remained pending in the state court until May 27, 2002 then the petitioner filed a timely federal habeas petition on May 8, 2003."). As will be explained Brooks' construction of the operation of the statute of limitations is wrong. Consequently, upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the petitioner's § 2254 petition for writ of

3

habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitation.

## I. THE STATUTE OF LIMITATIONS

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed by state inmates pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

The Circuit Court of Coosa County, Alabama convicted Brooks of first degree sodomy and first degree sexual abuse on March 22, 1998. Brooks filed a direct appeal and the Alabama Court of Criminal Appeals affirmed these convictions by memorandum opinion on November 20, 1998. *See Respondents' Exhibit B - Memorandum Opinion on Direct Appeal*. He then filed an application for rehearing which the appellate court denied on February 5, 1999. Brooks subsequently filed a petition for writ of certiorari with the Alabama Supreme Court. The court denied this petition and the appellate court therefore issued the certificate of judgment affirming the sodomy and sexual abuse convictions on May 14, 1999. *See Respondents' Exhibit C* at 3. The petitioner did not further appeal these convictions. Consequently, the sodomy and sexual abuse convictions became final on August 12, 1999 -- ninety (90) days after the Alabama Supreme Court's entry of judgment affirming the

convictions -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *See Coates*, 211 F.3d at 1226.

### A. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." In accordance with the directives of this statute, the limitation period ran for 110 days after the petitioner's convictions became final until his filing of a Rule 32 petition in the Circuit Court of Coosa County on December 1, 1999. This Rule 32 petition remained pending in the state courts until August 22, 2000 upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals. At that time, the petitioner had 255 days of the applicable limitation period remaining within which to file a federal habeas petition. An additional 139 days of the limitation period expired prior to Brooks filing a second Rule 32 petition on January 9, 2001. The trial court summarily denied this petition on April 15, 2002. Brooks did not appeal this ruling and final resolution of this second state collateral action occurred forty-two (42) days after entry of the order denying the petition as this is the date on which the petitioner's time to appeal expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. Thus, the petitioner's second Rule 32 petition remained pending in the state courts until May 27, 2002. At such time, the petitioner had only 116 days remaining within which to file a timely federal habeas petition.

In a response filed on January 5, 2004, Brooks argues that the limitation period should be tolled during the time that a motion for reconsideration of the trial court's denial of his second Rule 32 petition remained pending in the state courts.[3] The respondents filed supplemental answers addressing this argument in which they assert that Brooks is entitled to neither statutory nor equitable tolling of the limitation period as "motions [for reconsideration] are not prescribed by Rule 32 and do not toll the running of the 42-day time period for appealing Rule 32 denials. So, any documents related to Brooks's [motion for reconsideration of the] Rule 32 would . . . be ineffectual for state or federal tolling purposes. In any case, Brooks's Motion to Reconsider was filed past the theoretical thirty-day deadline for post-trial motions . . ., so, even if such motions were cognizable Brooks's motion would have been time barred." *July 2, 2004 Supplemental Answer of the Respondents* at 2-3.

Under applicable state law, a motion to reconsider the denial of a Rule 32 petition "does not toll the time for perfecting an appeal. . . . Neither the Alabama Rules of Criminal Procedure nor the Alabama Rules of Appellate Procedure provide a procedure for suspending the time for appeal upon the filing of a motion to reconsider the denial of a Rule 20 [now Rule 32] petition." *Patterson v. State*, 549 So.2d 635, 636 (Ala.Cr.App.1989); *see also Martinez v. State*, 602 So.2d 504, 505 (Ala.Cr. 1992). Thus, Rule 32 of the Alabama Rules of Criminal

---

[3]Brooks signed the motion for reconsideration on May 16, 2002. In accordance with the "mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 271-272 (1988) and "[a]bsent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the motion for reconsideration] was delivered to prison authorities the day [Brooks] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Consequently, the court considers May 16, 2002 as the date of filing for this motion. Such date is thirty-one days after entry of judgment by the trial court denying the petitioner's second Rule 32 petition.

Procedure does not provide for the filing of motions for reconsideration upon the trial court's denial of a post-conviction petition filed under such rule and requires that a notice of appeal be filed within forty-two days of entry of judgment by the trial court. *See* Rule 32.10, *Alabama Rules of Criminal Procedure* (appeal must be filed within the time prescribed by Rule 4(a)(1), *Alabama Rules of Appellate Procedure* which states, in pertinent part, that "the notice of appeal . . . shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from . . ."). Motions neither contemplated nor recognized by state law do not provide a basis for statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2). *Brown v. Shannon*, 322 F.3d 768, 776 (3rd Cir. 2003); *Adeline v. Stinson,* 206 F.3d 249, 253 (2nd Cir. 2000) ("the filing of creative, unrecognized motions" does not trigger tolling pursuant to § 2244(d)(2)).

> In this regard, it is significant that § 2244(d)(2)'s "tolling rule is designed to protect the principles of 'comity, finality, and federalism,' by promoting 'the exhaustion of state remedies while respecting the interest in the finality of state court judgments.'" *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2139, 153 L.Ed.2d 260 (2002) (citation omitted). Indeed, "it is the State's interests that the tolling provision seeks to protect[.]" *Id.* at 2139-40. Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA. *See Adeline,* 206 F.3d at 253 (the filing of motions not recognized under state law "is not the sort of 'exhaustion' that [ ] the AEDPA Congress ... had in mind"); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 847-48, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available"). Moreover, such permissiveness might seem to disrespect the state's decision regarding the proper procedures for challenging state court judgments.

*Brown*, 322 F.3d at 776.

Moreover, even if state law permitted such motions, any motion attacking the judgment of the trial court in a Rule 32 action would have to be filed within thirty days after enter of the challenged judgment. *See* Rule 59(e), *Alabama Rules of Civil Procedure*. Since Brooks filed the motion for reconsideration thirty-one days after the entry of the order denying his petition, he failed to timely file the motion. "[T]ime limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, ____ U. S. ____, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). Thus, the motion for reconsideration filed by Brooks "was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)" during the time this motion or other actions related to this motion were pending before the state courts. *Id*.

Brooks further argues that the limitation period did not begin to run "until May 27, 2002" as this is the date on which the last of his state post-conviction proceedings were completed. *August 17, 2005 Response of the Petitioner - Court Doc. No. 34* at 1-2. This argument is unavailing as it is based on an improper interpretation of the manner in which the federal limitation period is calculated. It is clear from the language of the statute that tolling of the period of limitation is strictly limited to "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending*" in the state courts. 28 U.S.C. § 2244(d)(2) (emphasis added). "[A] properly filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Although the one-year period of limitation was tolled **during the time Brooks' Rule 32 petitions were**

*pending in the state courts*, the limitation period ran while these actions were not pending. Specifically, the limitation period ran for 110 days after the petitioner's convictions became final until his filing of the initial Rule 32 petition on December 1, 1999. This Rule 32 petition remained pending in the state courts until August 22, 2000 upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals. At such time, the petitioner had 255 days of the applicable limitation period remaining within which to file a federal habeas petition. An additional 139 days of the limitation period expired prior to Brooks filing his second Rule 32 petition on January 9, 2001. This petition remained pending in the state courts until May 27, 2002 upon expiration of the time for Brooks to file an appeal of the judgment issued by the trial court on April 15, 2002. Thus, as of May 27, 2002, Brooks had only 116 days remaining within which to file a timely federal habeas petition. The limitation period therefore began to run on this date and no additional statutory tolling of the limitation period transpired.

### B.  Equitable Tolling

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary

circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

To the extent that Brooks argues he is entitled to equitable tolling of the limitation period based on his misunderstanding of how the limitation period would be calculated and his mistaken belief that the motion for reconsideration in the second Rule 32 action tolled the limitation period, he is likewise entitled to no relief. "Any miscalculation or misinterpretation by [a petitioner or his attorney] in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." *Steed*, 219 F.3d at 1300. Moreover, a petitioner's lack of legal knowledge fails to establish a basis for equitable tolling. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989). "'With 20/20 hindsight, the decision [to seek other collateral relief first] may have been unfortunate, but it was not beyond [petitioner's] control.'" *Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002) (quoting *Malcom v. Payne,* 281 F.3d 951, 963 (9th Cir. 2002)). Thus, Brooks has failed to set forth the existence of "extraordinary circumstances"

which prevented the filing of a timely habeas petition. *See Drew*, 297 F.3d at 1290; *Steed*, 219 F.3d at 1300. Consequently, he is not entitled to equitable tolling of the limitation period.

### C.  Expiration of the Period of Limitation

The sodomy and sexual abuse convictions Brooks challenges in the instant federal habeas petition became final by operation of law on August 12, 1999. Brooks has failed to demonstrate that he is entitled to either statutory or equitable tolling of the limitation period until the time he filed this federal action. Although tolled during the pendency of the petitioner's state collateral actions, the one-year period of limitation contained in 28 U.S.C.§ 2244(d)(1) ran uninterrupted for 594 days prior to the filing of this federal habeas petition on May 8, 2003. The limitation period therefore expired on September 20, 2002 several months prior to the filing of this federal action.

### II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by James Brooks on May 8, 2003 be denied as Brooks failed to file this petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before October 5, 2005 the parties may file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE